# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL SILVESTRE SILVESTRE, | : | |
| Petitioner, | : | |
| v. | : | No. 4:17-CV-2050 |
| CLAIRE DOLL, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

**MARCH 5, 2018**

## I.  BACKGROUND

Miguel Silvestre Silvestre filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania.  Named as Respondent is Warden Claire Doll of the York County Prison.  Service of the petition was previously ordered.

Silvestre-Silvestre is a native and citizen of Guatemala who entered the United States without a valid entry document approximately ten (10) years ago.  Following his arrest on assault and related charges, he was released into ICE custody on May 4, 2017.  An immigration judge ordered Petitioner's removal from the United States on August 23, 2017.  Petitioner previously appealed that

-1-

decision to the Board of Immigration Appeals.

According to the Petitioner, he had been detained by ICE for over six months at the time this matter was filed. Petitioner's pending § 2241 petition challenged his indefinite detention pending completion of his removal proceedings.

## II. DISCUSSION

On February 27, 2018, Respondent filed a "Suggestion of Mootness." Doc. 8, p. 1. The notice states that Petitioner was removed from the United States on February 7, 2018. *See id*. Accordingly, Respondent contends that since Petitioner is no longer being detained by ICE, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual

controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought his immediate release from ICE detention. *See* Doc. 1, ¶ 15. A review of ICE's Online Detainee Locator System confirms that Silvestre-Silvestre was released from ICE custody on February 7, 2018. Since Petitioner is no longer being detained by ICE, under the principles set forth in *Steffel*, Silvestre-Silvestre's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge